**LINDA LOPEZ**
Florida Bar No. 0177301
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
linda_lopez@fd.org

Attorneys for Mr. Martin Jesus Banda-Gaxiola

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR0984-JM |
|---|---|---|
| Plaintiff, | ) | DATE: April 25, 2008 |
| | ) | TIME: 11:00 a.m. |
| v. | ) | |
| **MARTIN JESUS BANDA-GAXIOLA** | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | ) | |

**I.**

**STATEMENT OF FACTS**

Mr. Martin Jesus Banda-Gaxiola was arrested on March 3, 2008 and charged with narcotic-related offenses.

According to the information provided by the United States Government, Mr. Banda was driving a 2005 Nissan Altima into the United States at the Calexico, California, East Port of Entry on March 3, 2008. Mr. Banda, and the vehicle were referred to the secondary lot for further inspection. Customs Border Patrol Canine Enforcement Officer Taylor was conducting a lot sweep with his assigned dog, who alerted to the trunk of the Nissan Altima.

1  A search of Mr. Banda allegedly revealed cocaine within Mr. Banda's shoes and
2 methamphetamine within another pair of shoes located in a suitcase located in the trunk of the Nissan
3 Altima.

## II.

## MOTION TO COMPEL DISCOVERY

To date, Mr. Banda-Gaxiola has received approximately 50 pages of redacted discovery from the government.

Mr. Banda-Gaxiola moves this court to compel the government to provide all additional discovery to which he is entitled. This request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) Brady Information. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady v. Maryland, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under FED. R. CRIM. P. 16(a)(1) and FED. R. EVID. 404(b) and any prior convictions which would be used to impeach as noted in FED. R. CRIM. P. 609. In addition, under FED. R. EVID. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under FED. R. EVID. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) Request for Preservation of Evidence. The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party.

   (4) <u>Defendant's Statements</u>. The defendant requests disclosure and production of all statements made by the defendant. This request includes, but is not limited to, the substance of any oral statement made by the defendant, FED. R. CRIM. P. 16(a)(1)(A), and any written or recorded statement made by the defendant. FED. R. CRIM. P. 16(a)(1)(B)(I)-(iii), as well as any rough notes taken by the agents during the questioning of Mr. Banda-Gaxiola.

   (5) <u>Tangible Objects</u>. The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. FED. R. CRIM. P. 16(a)(1)(E).

   (6) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(G).

   (7) <u>Witness Addresses</u>. The defendant requests access to the government's witnesses. Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.

   (8) <u>Jencks Act Material</u>. Mr. Banda-Gaxiola requests production in advance of trial of material discoverable under the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case. This request also includes production of transcripts of the testimony of any witness before the grand jury. See 18 U.S.C. § 3500(e)(1)-(3).

   (9) <u>Informants and Cooperating Witnesses</u>. Mr. Banda-Gaxiola requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against him. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate

1  Mr. Marquez. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information

2  indicating bias on the part of any informant or cooperating witness. Id.

3        (10) Residual Request. Mr. Banda-Gaxiola intends by this discovery motion to invoke his rights

4  to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

5  Constitution and laws of the United States.

## III.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

8        Mr. Banda-Gaxiola and defense counsel have only received the limited discovery mentioned

9  above. As new information surfaces, via discovery provided by government, defense investigation, or an

10 order of this Court, the defense may need to file further motions, or to supplement existing motions.

## IV.

## CONCLUSION

13       For the reasons stated, Mr. Banda-Gaxiola respectfully requests this Honorable Court grant his

14 motions.

                Respectfully submitted,

17 Dated: April 21, 2008         */s/ Linda Lopez*
                            LINDA LOPEZ
18                            Federal Defenders of San Diego, Inc.
                           Attorneys for Mr. Marquez
19                            linda_lopez@fd.org

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Rebekah Young**
Rebekah.Young@usdoj.gov

**U S Attorney CR**
Efile.dkt.gc2@usdoj.gov

Dated: April 21, 2008                    /s/ Linda Lopez
                                         LINDA LOPEZ
                                         Federal Defenders of San Diego, Inc.
                                         225 Broadway, Suite 900
                                         San Diego, CA 92101-5030
                                         (619) 234-8467  (tel)
                                         (619) 687-2666  (fax)
                                         e-mail: Linda_Lopez@fd.org